UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-21527-CIV-HUCK/SIMONTON

ERIN LYNN BAKER,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
CARNIVAL CRUISE LINES,
DENIE HIESTAND and
SHELLEY HIESTAND,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT DENIE HIESTAND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

THIS MATTER is before the Court upon Defendant Denie Hiestand's Motion to Dismiss Plaintiff's Complaint [D.E. # 9]. Because this Court lacks personal jurisdiction over Defendant Hiestand, the Motion to Dismiss is GRANTED.

### Background

Erin Lynn Baker ("Baker") booked and paid for passage as a guest on the Carnival ship "Destiny." On June 12, 2005 she boarded the "Destiny" in San Juan, Puerto Rico along with other passengers to celebrate the wedding of a friend. Defendants Denie Hiestand and Shelley Hiestand[1] (the "Hiestands") were also wedding guests aboard the ship. In her Complaint, Baker alleges that while on board the "Destiny" the Hiestands sexually assaulted, abused and raped her. She has filed the instant Complaint against the Hiestands claiming Sexual Assault and Battery.

Denie Hiestand moved for dismissal of Baker's Complaint for lack of personal jurisdiction. In support of the Motion to Dismiss, Denie Hiestand submitted his affidavit stating that he is a resident of Encino, California and has been for the past twenty years. Affidavit of Denie Hiestand ("Hiestand Aff.") at ¶2. The affidavit also sets out the following facts: (1) the last time the Hiestands

---

[1] Although Shelley Hiestand is named in the Complaint, Baker has not yet been able to effect service on her.

were in Florida was over seven years ago; (2) Denie Hiestand has never owned or leased any property in Florida; (3) Denie Hiestand has never held a mortgage or other lien on any real property in Florida; (4) Denie Hiestand does not have any business ties to Florida; (5) Denie Hiestand does not have any family living in Florida; (6) Denie Hiestand has never contracted to insure any person, property or risk located in Florida; (7) Denie Hiestand has never been involved in any proceding for alimony, child support, or division of property in connection with an action to dissolve a marriage; and (8) Denie Hiestand has never had any paternity proceeding in Florida. Based on these facts, Denie Hiestand asks that this Court dismiss the Complaint for lack of personal jurisdiction.

Baker argues that this Court has personal jurisdiction over Denie Hiestand because: (1) the forum selection clause in the ticket contract Denie Hiestand signed with Carnival[2] subjects him to jurisdiction in the Southern District of Florida in Miami, and (2) Denie Hiestand has sufficient contacts with Florida to satisfy the requirements of Florida's long-arm statute and the Due Process Clause of the Fourteenth Amendment.

## Analysis

1. Personal Jurisdiction

In determining whether personal jurisdiction exists over a non-resident defendant, federal courts must engage in a two-part analysis. *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912 (11th Cir. 1989); *Nida Corp. v. Nida*, 118 F. Supp.2d 1223, 1226 (M.D. Fla. 2000). First, the court must determine whether personal jurisdiction exists under Florida's long-arm statute. *Proudfoot*, 877 F.2d at 912. If the court finds that personal jurisdiction exists under the long-arm statute, the court next considers whether the nonresident defendant has minimum contacts with Florida such that maintenance of the suit does not offend traditional notions of fair play and substantial justice so as to satisfy the Due Process Clause of the Fourteenth Amendment. *Id*. (citations omitted). If both prongs are satisfied then the court may exercise personal jurisdiction over the nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990).

---

[2]The ticket contract provides: "It is agreed between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami . . . ."

A federal court examines the Florida long-arm statute as would the Florida Supreme Court because the issue is a question of state law. *Nida*, 118 F. Supp. 2d at 1226 (citing *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890-91 (11th Cir. 1983)). The plaintiff initially bears the burden of adequately pleading jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). A plaintiff meets this burden by presenting "enough evidence to withstand a motion for directed verdict." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Where a plaintiff meets this burden, but the defendant challenges jurisdiction through documentary evidence and affidavits, the burden shifts back to the plaintiff to demonstrate a basis for the court's exercise of personal jurisdiction. *Id.* If there is a conflict of evidence, all reasonable inferences must be drawn in plaintiff's favor. *Id.*; *Madara*, 916 F.2d at 1514.

In this case, Baker asserts general long-arm jurisdiction pursuant to section 48.193(2) of the Florida Statutes.[3] Section 48.193(2) provides: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to jurisdiction of the courts of this state, whether or not the claim arises from that activity." Florida courts have recognized the term "substantial and not isolated activity," in the long arm statute to be the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Due Process Clause of the Fourteenth Amendment. *Meier*, 288 F.3d at 1269, n.6 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-16 (1984)); *see also Woods v. Nova Companies Belize, Ltd.*, 739 So.2d 617, 620 (Fla. 4th DCA 1999). Therefore, the analyses of jurisdiction under section 48.193(2) and the Due Process Clause merge. *Adstep, Inc. v. Freeman Decorating Co.*, 2003 WL 25276323 at *5 (Sept. 16, 2003) (slip copy). If Denie Hiestand's activities meet the requirements of section 48.193(2), the continuous and systematic contacts prong of the Due Process Clause analysis is met. *Autonation, Inc. v. Whitlock,* 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003).

---

[3]Section 48.193(1) of the Florida Statutes provides for specific jurisdiction based on a cause of action arising under one of the enumerated acts therein. Baker has conceded that "[t]he causes of action in this case have no connection with Florida," and does not seek to establish specific jurisdiction. Pl. Memo of Law in Opp. to Mot. to Dismiss at 9.

3

General jurisdiction does not require a connection between a defendant's activities and the cause of action. *See Helicopteros*, 466 U.S. at 414 n.9. Accordingly, the due process requirements are more stringent, and "substantial, persistent, continuous, and systematic" contacts with the forum state must be present. *Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1357 n.4 (11th Cir. 2000); *see also Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 297 F. Supp. 2d 1154, 1158 (W.D. Wis. 2004). "The substantial connection between a defendant and the forum state must come about by an action of the defendant purposefully directed toward the forum state." *Nida*, 118 F. Supp. 2d at 1229 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 108-09 (1987)). The defendant's contacts with the forum "must be so extensive to be tantamount to [a defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's courts] in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Foundation v. Sanofi Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003).

As a basis for asserting that Denie Hiestand is subject to personal jurisdiction, Baker asserts that Denie Hiestand maintains a substantial commercial presence in Florida through "three highly interactive websites" marketing nutritional products, skin creams, exercise equipment and other devices, through the publication of two books and by providing personal consultation and training services to the consuming public and to wholesalers. Pl. Memo of Law in Opp. to Mot. to Dismiss ("Pl. Opp.") at 10. Additionally, Baker alleges that "it is believed" that Denie Hiestand's products are sold in the "brick and mortar" world through retailers located in Florida. *Id.* In support of these allegations, Baker submits the Declaration of Cheryl L. Riess, Baker's attorney of record, containing exhibits of the pages of the three websites maintained by the Hiestands.

In his Reply, Denie Hiestand submits a Second Affidavit setting forth the following facts: (1) Denie Hiestand has had approximately six Florida clients via the internet websites, with a total dollar value of sales of less than $5,000 over the past four years; (2) no additional follow-up solicitations ensued with the Florida purchasers; (3) the approximate total number of clients via the Hiestands' internet websites is five hundred forty; (4) the approximate total sales from the websites over the past four years is $340,000.00; (5) the websites do not target Florida customers; (6) Denie Hiestand is the author of two books: *Electrical Nutrition* and *Journey to Truth*; (7) Penguin Putnam

publishes Electrical Nutrition and Denie Hiestand does not have knowledge or control over where the book is sold; (8) Baker & Taylor and Amazon.com, not Denie Hiestand, are responsible for the distribution and marketing of Journey to Truth; (9) Denie Hiestand has never had any involvement in the marketing of his books; and (10) Denie Hiestand has never had a bank account in Florida. Second Affidavit of Denie Hiestand ("Second Hiestand Aff.") at ¶¶ 2-14.

Mindful of the ever-expanding growth of the internet, the courts, both federal and state, have been careful to limit the reach of personal jurisdiction when based on contacts established by the use or maintenance of internet websites. In that spirit, the case of *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), set out a sliding scale of web activity that can be used to analyze the nature and quality of contacts that involve the internet. At one end of the spectrum are "passive sites" where a defendant has simply posted information on the internet. *Id.* There, personal jurisdiction without more should not be applied. *Id.* At the other end are the interactive websites, where a defendant "clearly does business over the internet" and personal jurisdiction may be imposed. *Id.* In between are websites where the user can exchange information with the computer. In those cases, courts must examine "the level of interactivity and commercial nature of the exchange of information" that occurs to determine whether personal jurisdiction should be exercised. *Id.*

The Court has reviewed the pages of the internet websites submitted by Baker. It appears that at least two of the websites - www.electricalnutrition.com and www.electricbody.com - sold or sell products over the internet.[4] A third website - www.vibrationalwellness.com - advertises Denie Hiestand's counseling services and wellness training programs, which are offered in New Zealand and the United States, but do not appear to be offered in Florida. The two websites that sell or sold products directly to the consumer are in line with the more interactive websites on the commercial end of the *Zippo* spectrum. The website that merely advertises the counseling services and wellness training programs falls in the middle range of the *Zippo* spectrum because it allows users to purchase the training programs online, but the users do not actually receive a product in Florida. Rather, the training programs are taught elsewhere.

---

[4]One of the websites - www.electricalnutrition - has been shut down, but apparently operated until recently. *See* Riess Decl. at 2, n.2.

The websites' levels of interactivity, which fall in the middle to commercial end of the *Zippo* spectrum, are only one factor to be considered in the Court's analysis. *See Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1091 (E.D. Mo. 2001) ("While the sliding scale suggested by the court in *Zippo* may be a relevant factor in assessing general jurisdiction, it is not alone determinative."). In *Zippo* the analysis was centered on whether a defendant was subject to specific personal jurisdiction for a cause of action arising out of the defendant's business, which it conducted over the internet with the forum state. 952 F. Supp. at 1125-26. The court held that the defendant was subject to specific personal jurisdiction where it contracted with approximately 3,000 individuals and seven internet access providers in the forum state. *Id.* at 1126. In a case such as this, where the cause of action is unrelated to the website "more contact with the forum is necessary to support general jurisdiction." *Bell*, 200 F. Supp. at 1092. As the court in *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 712 (8th Cir. 2003) explained:

> [u]nder the *Zippo* test, it is possible for a Web site to be very interactive, but to have no quantity of contacts. In other words, the contacts would be continuous, but not *substantial*. This is untenable in a general jurisdiction analysis. As one court has noted, the *Zippo* test 'is not well adapted to the general jurisdiction inquiry, because even repeated contacts with the forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction. . . .'

*Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

Based on the stringent requirements that must be met to establish general jurisdiction, that is, the existence of continuous and systematic contacts between Denie Hiestand and Florida, the proferred evidence simply does not establish a proper basis for this Court's exercise of general jurisdiction over Denie Hiestand. Denie Hiestand's affidavit establishes that he has had only six clients from Florida over the past four years, amounting to no more than 1.5% of his total sales over that period of time. Moreover, Denie Hiestand does not have any physical commercial presence in Florida and has not even visited the state for at least seven years. Riess's affidavit states that the Hiestands' websites soliciting wholesalers for distribution of their products "strongly suggest[s] that they are able to be purchased in local outlets . . .," but admits that she "has not yet identified retailers in Florida selling the nutritional supplements or devices sold on the websites . . . ." Riess Decl. at ¶4. This evidence is not enough to subject Denie Hiestand to general jurisdiction. Here, Denie

Hiestand's website income from Florida sales is minimal and sporadic, and he has no other physical presence in Florida. *See Snow v. Directv, Inc.*, 450 F.3d 1314, 1319 (11th Cir. 2006) (Law firm was not subject to general jurisdiction where it derived less than one percent of its revenues from matters connected with Florida and lacked a physical presence there); *Hy Cite*, 297 F. Supp. 2d at 1158 (nonresident operator of internet website who sold one book to resident of the forum state did not have sufficient contacts with forum state for assertion of specific or general personal jurisdiction); *Stairmaster Sport/Med. Prod. Inc.*, 916 F. Supp. 1049, 1052-53 (W.D. Wash. 1994), *aff'd* 78 F.3d 602 (Fed.Cir. 1996) (no general jurisdiction over company that had only three percent of total sales from forum states and only isolated visits to state). *Cf. Obermaier v. Kenneth Copeland Evangelistic Ass'n, Inc.*, 208 F. Supp. 2d 1288, 1291 (M.D. Fla. 2002) (finding general jurisdiction where defendant solicited contributions from Florida residents using local television stations in Naples as well as internet websites and sent mail into Florida in response to donations).

Baker's only other allegation connecting Denie Hiestand to Florida is that Denie Hiestand's books are sold in Florida. *See* Riess Decl. at ¶4. In his affidavit, however, Denie Hiestand states that he does not control the location of where his two books are sold or distributed, and Baker has not alleged that Denie Hiestand has any such control or otherwise linking Denie Hiestand to the alleged book sales in Florida. Second Hiestand Aff. at ¶¶ 7-13. . Baker does not allege that Denie Hiestand has otherwise purposefully targeted Florida or directed most of his marketing efforts towards that forum. Indeed, the low sales achieved in Florida suggests that Denie Hiestand has not aggressively targeted the Florida market. Thus, Baker's allegation that Denie Hiestand's books are sold in Florida, without more, does not justify a finding of personal jurisdiction. *See Christian v. Barricade Books, Inc.*, 2003 WL 21146168 at *4 (D.N.H. 2003) (book publisher not subject to personal jurisdiction for book sales in forum state where plaintiff could not show that publisher controlled where the book was actually sold or otherwise purposefully directed the sales of the book to the forum state).

Taken together, Denie Hiestand's contacts with Florida are by no means substantial, such that he could reasonably anticipate being haled into court here. Therefore, a finding of general jurisdiction in this case would contravene the important principle enunciated by the Supreme Court in *World-Wide Volkswagon* that the Due Process Clause exists to give "a degree of predictability to

the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Furthermore, "fair play and substantial justice" do not support an exercise of personal jurisdiction over Denie Hiestand by this Court. In determining whether a finding of personal jurisdiction meets this second requirement of the Due Process Clause, the court considers factors such as the burden on defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute and the plaintiff's interest in obtaining relief. *Meier*, 288 F.3d at 1276. While Baker has a strong interest in obtaining relief, she is not precluded from seeking it in another forum where personal jurisdiction is proper. Florida has no interest in adjudicating the controversy here because the alleged acts took place outside of Florida and neither the plaintiff nor the defendant in this case are Florida residents or have a significant presence here. Maintaining a lawsuit here would also place a burden on Denie Hiestand because he resides in Encino, California and would have to obtain counsel here and travel here to litigate the case. While that burden is not insurmountable, when considered along with all the other factors set out above, it requires this court to decline to exercise personal jurisdiction over Denie Hiestand.

2. Forum Selection Clause

Baker also asserts that Denie Hiestand subjected himself to this Court's jurisdiction when he entered into a ticket contract with Carnival that contains a forum selection clause requiring that any case related to the cruise be litigated in this Court[5]. Denie Hiestand maintains that the ticket contract with Carnival does not bind him to litigate an action initiated by another passenger in this Court. Because Florida law provides that a forum selection clause alone is insufficient to establish personal jurisdiction, and, as discussed above, this Court does not have an independent basis for asserting personal jurisdiction over Denie Hiestand, the issue is moot. *See C.R. McRae, J.D./M.D., Inc.*, 511 So.2d 540, 544 (Fla. 1987) (holding that a contractual choice of forum clause designating Florida as the forum cannot serve as the sole basis for asserting in personam jurisdiction over an objecting, non-resident defendant); *See also Proudfoot*, 877 F.2d at 920 ("Florida courts will not exercise jurisdiction solely on the basis of a contractual provision conferring jurisdiction if the

---

[5]*See*, supra, note 2.

nonresident defendant's acts do not satisfy the state's long-arm statute.").

## Conclusion

For the reasons set forth above, Defendant Denie Hiestand's Motion to Dismiss Plaintiff's Complaint is GRANTED.

DONE AND ORDERED in Chambers, Miami, Florida, this 20th day of November, 2006.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record